UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PRESTON EUGENE RICHARDSON,

                    Plaintiff,

    v.

WHATCOM COUNTY JAIL, et al.

                   Defendants.

Case No. 2:25-cv-00206-DGE-TLF

ORDER TO SHOW CAUSE

Plaintiff Preston Eugene Richardson, proceeding *pro se* and *in forma pauperis* (IFP), filed this civil rights complaint under 42 U.S.C. 1983. Dkt. 15. Plaintiff, a pretrial detainee at the time he filed his IFP application seeks damages and injunctive relief from Defendants Whatcom County Jail, Erikson, Lovell, Hindman, Tjoeker, and John/Jane Doe. Dkt. 15-2, Complaint (2-19-2025), at 1-4, Dkt. 15-3, Dkt. 15-4.[1] Plaintiff sued the defendants in their individual and official capacities. *Id.* at 1. Having reviewed and screened the Complaint under 28 U.S.C. §1915A, the Court declines to serve the Complaint but provides plaintiff leave to file an amended pleading by June 6, 2025, to cure the deficiencies identified in this Order to Show Cause.

I.      DISCUSSION

---

[1] Plaintiff filed his original complaint on January 27, 2025. Dkt. 1. Because he did not properly file the application to proceed IFP, the Court did not process that complaint. Dkt. 5, 12. Plaintiff requested to amend his complaint. Dkt. 9, 15-4. Plaintiff filed an amended complaint, and properly submitted his application for IFP on April 14, 2025. Dkt. 15. That complaint is the operative complaint analyzed in this Order to Show Cause. Dkt. 15-2.

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even so, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Plaintiff's complaint is more than 90 pages, he also includes a letter explaining some of the claims, and he filed 268 pages of attachments, which he incorporates by reference into the complaint. Dkt. 15-2, 15-3, 15-4. Many pages in plaintiff's complaint are illegible because the scanned image is faint and unreadable. *See, e.g.*, *Shuster v. Oppelman*, 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (holding that a partially illegible pro se complaint does not comply with Rule 8); *Knutson v. Lucky Store, Inc.*, No. CIV S-07-0981-LKK-EFB-P, 2008 U.S. Dist. LEXIS 116353, 2008 WL 4167076, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing a pro se complaint that was mostly illegible and did not comply with Rule 8). Plaintiff should use dark ink and ensure the copies are legible in future pleadings.

Further, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must

ORDER TO SHOW CAUSE - 2

show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Additionally, a plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981). To avoid dismissal for failure to state a claim, plaintiff must include more than sweeping conclusory allegations against an official.  *Leer*, 844 F.2d at 633. A claim upon which the Court can grant relief must have facial plausibility, which requires plaintiff to plead more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The readable portion of the Complaint shows plaintiff is alleging that the individual defendants violated his constitutional rights by subjecting him to solitary confinement after receiving "false allegations" under the Prison Rape Elimination Act and denying him the opportunity to be removed from solitary confinement. Plaintiff names several defendants, but based on the readable portion of the Complaint, it does not appear plaintiff alleged each defendant's personal action(s) or inaction(s) that resulted in plaintiff's continued isolation. It appears he is making a claim that the defendants deprived him of procedural and substantive due process, and equal protection of law, under the Fifth and Fourteenth Amendments. Dkt. 15-2. In his motion to amend, plaintiff requests to add more claims and defendants. Dkt 15-4.

Plaintiff does not provide sufficient context or factual details to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 547 (2007); *see also Iqbal*, 556 U.S. at 680. Accordingly, plaintiff does not state his claims in a manner that plausibly alleges the personal participation of *each* defendant, in individual or official capacity. Although plaintiff refers to potentially cognizable claims, those claims are not actionable against defendants, in their individual or official capacity, without additional factual allegations establishing how each defendant allegedly violated plaintiff's constitutional rights. Also, plaintiff has submitted a letter, a motion to amend, and numerous exhibits to the complaint.

Plaintiff names Whatcom County Jail as a defendant. The Jail is not a proper defendant in a Section 1983 lawsuit. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). To bring an appropriate § 1983 action, a plaintiff "must name the county or city itself as party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver Police*, 2017 WL 1294573, at *9 (W.D. Wash. 2017). In this case, Whatcom County is the proper party.

Thus, plaintiff fails to state a claim for which relief may be granted as to the participation of Defendants in violation of the Fourteenth Amendments and 42 U.S.C. § 1983, and the Court declines to serve plaintiff's complaint as written.

II.    CONCLUSION AND DIRECTIONS TO CLERK AND PLAINTIFF

Unless plaintiff amends his complaint on or before **June 6, 2025**, the Court will recommend that plaintiff's claims against defendants be dismissed without prejudice. If plaintiff files an amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional or federal right plaintiff believes was violated; (2) the name of

ORDER TO SHOW CAUSE - 4

the person or persons who violated the right; (3) *exactly what the individual did or failed to do*; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional or federal rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

The amended complaint must be legibly written with dark ink or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

Plaintiff should include all defendants and all claims in the amended complaint. Requests to add new claims or defendants should not be submitted in a separate letter or request outside the four corners of the proposed amended complaint. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights, and whether plaintiff has asserted sufficient facts to state a plausible claim for relief against each of the defendants.

If plaintiff fails to file an amended complaint on or before **June 6, 2025,** that adequately addresses the issues discussed in this Order to Show Cause, the Magistrate Judge will recommend that the District Judge dismiss the Complaint.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to send copies of this Order and the *Pro Se* Instruction Sheet to plaintiff.

Dated this 15th day of May, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6