UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRESTON EUGENE RICHARDSON,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WHATCOM COUNTY JAIL, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-00206-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for <u>November 20, 2025</u> |

## BACKGROUND

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On April 14, 2025, plaintiff filed a motion to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint under 42 U.S.C. 1983[1]. Dkt. 15, 15-1.

After screening the proposed complaint, the Court ordered plaintiff to show cause how he stated a claim against defendants pursuant to 42 U.S.C. § 1983. Dkt. 18. The Court ordered plaintiff to either show cause by June 6, 2025, why the complaint should not be dismissed without prejudice, or file an amended complaint. *Id.*

---

[1] Plaintiff filed his original complaint on January 27, 2025. Dkt. 1. Because he did not properly file the application to proceed IFP, the Court did not process that complaint. Dkt. 5, 12. Plaintiff requested to amend his complaint. Dkt. 9, 15-4. Plaintiff filed an amended complaint, and properly submitted his application for IFP on April 14, 2025. Dkt. 15. That complaint is the operative complaint analyzed in this Order to Show Cause. Dkt. 15-2.

REPORT AND RECOMMENDATION - 1

The Court's Order was returned to the Court as undeliverable on June 16, 2025. Dkt. 19. Plaintiff submitted a letter to the Court on April 11, 2025, indicating he may have a new address soon, but he did not provide a new address in the letter or thereafter. Thus, the Court, on June 27, 2025, ordered plaintiff to notify the court of his current mailing address by August 18, 2025. Dkt. 20. He was informed that if the Court was not notified of his currently mailing address, the undersigned would recommend dismissal of his action without prejudice.

On July 9, 2025, plaintiff wrote a letter to the Court stating that he anticipated being able to file an amended complaint soon thereafter, but he did not receive "any documents statin what to file for the amended complaint." Dkt. 21. The Clerk's Office resent the Court's Order to Show Case (Dkt. 18) to plaintiff. Dkt. 21. The plaintiff has failed to respond to the Court's order to show cause or communicated with the Court.

## DISCUSSION

i.     **Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

REPORT AND RECOMMENDATION - 2

In determining whether plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor weighs against dismissal because the defendants have not been served in this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered plaintiff to show cause why this matter should not be dismissed and has given plaintiff an opportunity to amend the complaint. Plaintiff has not responded to the Court's most recent order. One less drastic sanction is realistically available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, a dismissal with prejudice would be unnecessarily harsh. The complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 3

### ii. Failure to State Claim

Additionally, plaintiff's proposed amended complaint (Dkt. 15), and this action, should be dismissed without prejudice for failure to state a claim.

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of [the] complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Construction, Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

The Court liberally construes *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Yet, Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for

REPORT AND RECOMMENDATION - 4

a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A complaint is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Wainscott v. San Diego Cty.*, 9 F.3d 1555 (9th Cir. 1993).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355

(9th Cir. 1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Here, plaintiff's complaint is more than 90 pages, he also includes a letter explaining some of the claims, and he filed 268 pages of attachments, which he incorporates by reference into the complaint. Dkt. 15-2, 15-3, 15-4.

Many pages in plaintiff's complaint are illegible because the scanned image is faint and unreadable. *See, e.g., Shuster v. Oppelman*, 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (holding that a partially illegible pro se complaint does not comply with Rule 8); *Knutson v. Lucky Store, Inc.*, No. CIV S-07-0981-LKK-EFB-P, 2008 U.S. Dist. LEXIS 116353, 2008 WL 4167076, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing a pro se complaint that was mostly illegible and did not comply with Rule 8).

Further, the readable portion of the proposed complaint shows plaintiff is alleging that the individual defendants violated his constitutional rights by subjecting him to solitary confinement after receiving "false allegations" under the Prison Rape Elimination Act and denying him the opportunity to be removed from solitary confinement.

It appears plaintiff's primary claim is that the defendants deprived him of procedural and substantive due process, and equal protection of law, under the Fifth and Fourteenth Amendments. Plaintiff names several defendants, yet the readable portion of the complaint contains no allegations identifying each defendant's personal action(s) or inaction(s) that resulted in plaintiff's continued isolation. Dkt. 15-2.

Plaintiff does not provide sufficient context or factual details to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Iqbal*, 556 U.S. at 680. Accordingly, plaintiff does not state his claims in a manner that plausibly alleges the personal participation of *each* defendant, in individual or official capacity.

Plaintiff further names Whatcom County Jail as a defendant. The Jail is not a proper defendant in a Section 1983 lawsuit. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). To bring an appropriate § 1983 action, a plaintiff "must name the county or city itself as party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver Police*, 2017 WL 1294573, at *9 (W.D. Wash. 2017). In this case, Whatcom County is the proper party.

In sum, plaintiff fails to state a claim for which relief may be granted as to the participation of defendants in violation of the Fourteenth Amendments and 42 U.S.C. § 1983. As such, because plaintiff has failed to state a claim, his IFP motion should be denied, and his complaint should be dismissed.

## CONCLUSION

Plaintiff's IFP motion should be DENIED, and his proposed amended complaint (Dkt. 15) should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes

REPORT AND RECOMMENDATION - 7

1 of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a
2 waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140,
3 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).
4 Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to
5 set the matter for consideration on **November 20, 2025**, as noted in the caption.

7     Dated this 5th day of November, 2025.

*[signature]*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8